Case Nos. 2016-2222, 2016-2353, 2016-2406, 2016-2608

# United States Court of Appeals For the Federal Circuit

**ATI TECHNOLOGIES ULC,**

*Appellant*,

v.

**LG ELECTRONICS, INC.,**

*Cross-Appellant*.

Appeals from the United States Patent and Trademark Office, Patent and Trademark Appeal Board, IPR2015-00325, IPR2015-00326, IPR2015-00330

**APPELLANT'S REPLY IN SUPPORT OF MOTION TO EXCEED WORD-COUNT LIMITATIONS FOR APPELLANT'S OPENING AND REPLY BRIEFS**

Aaron R. Fahrenkrog
Bryan J. Mechell
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402-2015
(612) 349-8500

Danielle Rosenthal
ROBINS KAPLAN LLP
601 Lexington Ave, Suite 3400
New York, NY 10022
(212) 980-7400

*Attorneys for Appellant ATI Technologies ULC*

Contrary to the picture LGE paints, consolidation of the 16-2353, 16-2406, and 16-2608 appeals with the lead 16-2222 appeal does not add "only one minor issue to the lead 16-2222 appeal." Rather, the consolidated appeal now covers four appeals involving three separate IPR final written decisions, different claims from three different patents—only two of which claim priority to the same application—and distinct legal and factual issues. ATI has, therefore, requested a modest 4,000 word extension of the word-count limits for its opening brief and combined opposition to LGE's cross-appeal and reply brief to allow for a full and fair briefing of the issues on appeal. LGE's argument that "waiver of the Court's usual word limits is not warranted" is not persuasive.

First, contrary to LGE's assertion, the antedating issue raised in the lead appeal is not identical across all appeals. As LGE's opposition ignores, the '053, '871 and '369 Patents have 21 different claims subject to appeal. The consolidated appeal now addresses the technically complex question of reduction to practice (actual and constructive) as it relates to each of these patents and claims, including the Board's constructions of different claim terms for different patents. Although there is some overlap of issues, the consolidated appeal now involves factual differences in the records below relevant to conception and reduction to practice. It is possible that the Court will find that only some claims may be demonstrated to have been reduced to practice (actually or constructively). Similarly, it is equally

possible that the Court may find that there were different errors of fact or law in the three IPR final written decisions. Consequently, a modest increase of only 4,000 words (<30%) to brief these multiple decisions on multiple patents having multiple claims is reasonable in view of the variety of issues and decisions which may be reached.

Second, LGE incorrectly notes that consolidating appeals 16-2406 and 16-2608 with the lead case adds only one "routine and minor" additional issue regarding whether '871 Patent claim 15 is obvious in light of Rich. To the contrary, consolidation of these appeals raises new issues and Board determinations not previously at issue in the lead case, including whether it was appropriate for the Board to rely upon the IPR2015-00325 IPR decision in its final written decisions in IPR2015-00326 and IPR2015-00330.

Third, LGE's focus on a so-called "imbalance between appellant and appellee that was caused by multiple, separately-represented parties" in its treatment of the *SynQor* and *In re Katz* cases is misplaced and misses the point. ATI cited *SynQor* and *In re Katz* as non-limiting examples of situations where significant word extensions (increases to 28,000 and 20,000 words, respectively) were granted. Here, ATI seeks a 4,000-word extension from 14,000 to 18,000 words, which represents a substantial reduction from the combined limits that would have otherwise applied in the now-consolidated appeals.

\* \* \*

ATI seeks a modest 4,000 word extension for its opening brief and combined opposition to LGE's cross-appeal and reply brief, thereby affording sufficient space for ATI to address the important issues in this consolidated appeal while not unduly burdening the Court. LGE cites no prejudice, and faces no prejudice, from such relief.

ATI respectfully requests that its motion be granted.

Dated: November 23, 2016     Respectfully submitted,

/s/ *Aaron R. Fahrenkrog*

Danielle Rosenthal
ROBINS KAPLAN LLP
601 Lexington Ave, Suite 3400
New York, NY 10022
(212) 980-7400

Aaron R. Fahrenkrog
Bryan J. Mechell
Robins Kaplan LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402-2015
(612) 349-8500

*Attorneys for Appellant*
*ATI Technologies ULC*

FORM 9. Certificate of Interest

Form 9
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ATI Technologies ULC    v.    LG Electronics, Inc.

Case No. 16-2222, -2353, -2406, -2608

## CERTIFICATE OF INTEREST

Counsel for the:
☐ (petitioner) ☒ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

ATI Technologies ULC

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10 % or more of stock in the party |
|---|---|---|
| ATI Technologies ULC | ATI Technologies ULC | Advanced Micro Devices, Inc. |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (**and who have not or will not enter an appearance in this case**) are:

Aaron R. Fahrenkrog, Bryan J. Mechell, and Danielle S. Rosenthal of Robins Kaplan, LLP, and Jon E. Wright, Michael B. Ray, Michael D. Specht, Jason D. Eisenberg and Jonathan Tuminaro of Sterne, Kessler, Goldstein & Fox P.L.L.C.

September 19, 2016                               /s/ Aaron R. Fahrenkrog
Date                                              Signature of counsel

Please Note: All questions must be answered     Aaron R. Fahrenkrog
                                                 Printed name of counsel

cc: Counsel for LG Electronics, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2016, the foregoing APPELLANT'S REPLY IN SUPPORT OF MOTION TO EXCEED WORD-COUNT LIMITATIONS FOR APPELLANT'S OPENING AND REPLY BRIEFS was filed with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the appellate CM/ECF system which, pursuant to Federal Rule of Appellate Procedure 25(c)(2) and Federal Circuit ECF-6(A), constitutes service on all parties represented by attorneys who have registered for the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated:  November 23, 2016          By: /s/ *Aaron R. Fahrenkrog*

*Attorneys for Appellant*
*ATI Technologies ULC*